UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24381

JORDAN S. QUIJANO ESCATE,

    Plaintiff,

vs.

DU KANG, LLC d/b/a CHIFA DU KANG
CHINESE RESTAURANT, and
JINGQUAN DU,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jordan S. Quijano Escate, sues Defendants, Du Kang, LLC d/b/a Chifa Du Kang Chinese Restaurant, and Jingquan Du, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Jordan S. Quijano Escate**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all of the time that he spent working over 40 hours per week from Defendants. Mr. Quijano Escate consents to participate in this lawsuit.

2. **Defendant, Du Kang, LLC ("Du Kang"),** is a Florida for-profit corporation that does business as **Chifa Du Kang Chinese Restaurant** and is authorized to conduct and that actually conducts its restaurant business throughout this District, with its office and principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

3. **Defendant, Jingquan Du**, was at all material times a resident of this District;

1

Jingquan Du was and is a manager, owner, officer, director, and/or operator of Du Kang for the relevant time period. Jingquan Du ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

4. Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed the Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

6. This Court has original jurisdiction over Plaintiff's federal question claim.

### *Background Facts*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of running their restaurant through their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, alcoholic beverages, and products that have moved through interstate commerce. Defendants cooked, prepared, stored, and served perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

9. Defendants also advertise their services on the Internet at http://www.chifadukang.com/, a site that Defendants registered through GoDaddy.com, LLC, a foreign corporation.

10. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his handling, preparing, cooking, and serving food, produce, and beverages that have traveled through interstate commerce while also utilizing knives, stoves, pots, pans, stoves, ovens, materials and equipment that also traveled through interstate commerce.

12. Plaintiff worked approximately 52 hours per week for Defendants as a non-exempt, hourly employee from approximately February 2015 to March 2016.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

14. Defendants paid Plaintiff at a rate of $500 per week, but Defendants failed and refused to pay Plaintiff at the rate of time and one-half of his regular rate of pay for all hours worked over 40 in a workweek.

15. Ultimately, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

26. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA OVERTIME VIOLATION

Plaintiff, Jordan S. Quijano Escate, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

28. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

29. Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

30. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jordan S. Quijano Escate, demands the entry of a judgment in his favor and against Defendants, Du Kang, LLC d/b/a Chifa Du Kang Chinese Restaurant, and Jingquan Du, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the

4

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

        Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b)

b. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF 26 U.S.C. §7434
### (AGAINST DU KANG, LLC d/b/a CHIFA DU KANG CHINESE RESTAURANT)

Plaintiff, Jordan S. Quijano Escate, reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

25. Defendant, Du Kang, had an obligation to provide correct information returns to the IRS and to the Plaintiff.

26. Defendant, Du Kang, served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2015 calendar year by not paying the required employment taxes on his behalf for calendar year 2015 and instead indicating that it withheld $0.01 in employment taxes for that year. (Exhibit "A".)

27. Defendant, Du Kang, served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for all four quarters of 2015 by failing to properly pay the

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

required employment taxes on his behalf for all wages paid to /earned by Plaintiff in 2015.

28.　Defendant, Du Kang, LLC d/b/a Chifa Du Kang Chinese Restaurant, provided paychecks to Plaintiff and is directly responsible for the issuance of paychecks to Plaintiff, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of its annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

29.　Plaintiff suffered damages as a result of Defendant's willful provision of false information returns, including the failure to receive the required contribution to his taxes by his employer, and the like, as a result of Defendants' intentional and willful acts as described above.

30.　Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Jordan S. Quijano Escate, demands the entry of a judgment in his favor and against Defendant, Du Kang, LLC d/b/a Chifa Du Kang Chinese Restaurant, after trial by jury and as follows:

6

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendant for each year during the past six (6) years or the damages proximately caused by Defendant's conduct for each year during the past six (6) years;

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of October, 2016.

                                                Respectfully Submitted,

FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com